FRANK BOYETTE v. THE STATE.

No. 2873.   Decided December 17, 1913.

Rehearing denied January 21, 1914.

**1.—Carrying Pistol—Second Application for Continuance.**

Where the second application for continuance failed to meet the requirements of articles 608 and 609, Code Criminal Procedure, it was correctly overruled.

**2.—Same—Evidence—Impeaching Witness.**

There was no error in refusing testimony attacking the credibility of a State's witness by showing that some twenty or thirty years ago he engaged in the sale of intoxicating liquors and running a ten-pin alley.

**3.—Same—Own Premises—Charge of Court.**

Where, upon trial of unlawfully carrying a pistol, the evidence did not raise the issue of defendant's right to carry a ·pistol on his own premises, there was no error in the court's failure to charge thereon.

Appeal from the County Court of Smith. Tried below before the Hon. Jesse F. Odom.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Webster Jarvis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of one hundred dollars.

When the case was called for trial appellant filed his second application for a continuance. As the application, in several respects, failed to meet the requirements of articles 608 and 609 of the Code of Criminal Procedure, the court committed no error in overruling the application.

While the prosecuting witness, Jno. D. Scott, was testifying, on cross-examination, appellant desired to elicit from him that some twenty or thirty years ago he had engaged in the sale of intoxicating liquors, and had also run a ten-pin alley. As these acts of themselves do not constitute a crime, the court did not err in sustaining the objection to said testimony on the ground that such acts are "too remote to affect the credit of the witness."

Appellant requested the court to instruct the jury that he had a right to carry a pistol on his own premises. If the testimony called for such charge, of course it should have been given. Appellant does not in his testimony claim to have been on his own premises, and emphatically denies having any pistol on the occasion in question. The issue as made by appellant's testimony, that it was a bicycle pump, which State's witnesses mistook for a pistol, was submitted by the court to the jury, and they find adversely to this contention. Ben Watts and Jno. D. Scott swear positively that appellant had a pistol and drew it on them, and told them if they come a step further he would shoot them. This transaction, if it did take place, did not take place on appellant's premises, and if the State's testimony is true, appellant came off the streets of Tyler with a pistol on his person.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 21, 1914.—Reporter.]